UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEJA H. CANNON, <br> (A.K.A., RESHAE HARRIS) <br> PLAINTIFF <br> VS. <br><br> MICHAEL J. ASTRUE <br> COMMISSIONER OF THE SOCIAL <br> SECURITY ADMINISTRATION, <br> DEFENDANT. | CIVIL ACTION NO. H-08-2847 |

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Summary Judgment (Document No. 15) and Defendant's Amended Cross Motion for Summary Judgment (Document No. 19). After considering the motions, the transcript of the administrative proceedings before the Social Security Administration, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Amended Cross Motion for Summary Judgment is DENIED, and this case be REMANDED for further proceedings.

### I. Administrative Proceedings

Plaintiff, Deja H. Cannon ("Cannon"), applied for childhood disability benefits under Title XVI on September 27, 2005, due to positive tests for the Human Immunodeficiency Virus

(HIV). On February 4, 2006, Cannon reached the age of 18 and was no longer a minor. Her application was thereafter construed as a request for childhood disability benefits for the period prior to Cannon turning 18 (from September 27, 2005 to February 4, 2006), and a request for supplemental security income ("SSI") benefits for the period after Cannon's 18th birthday. After the application was denied at the first two levels of administrative review, Plaintiff requested a hearing before an ALJ (Tr. 90-94, 88-89, 83-87, 80-81). A hearing was initially scheduled in May 2007, but was rescheduled so that Plaintiff could obtain counsel (Tr. 308). On September 21, 2007 an administrative hearing was held, at which Plaintiff appeared by and through her attorney representative, Donald Dewberry (Tr. 279). At the administrative hearing the ALJ considered whether Plaintiff was eligible for SSI benefits before the age of 18 as a minor and whether she was eligible for benefits after the age of 18 as an adult.

Following the administrative hearing, the ALJ issued a decision on October 25, 2007 (Tr. 21-37). In that decision, the ALJ determined that, prior to reaching the age of 18, Plaintiff's HIV infection was considered severe within the meaning of the Act, but did not medically meet or equal one of the impairments listed in 20 C.F.R. part 404, subpt. P, appendix 1, Part A or B (Tr. 28-29), and that Plaintiff's impairments did not functionally equal a listed impairment either (Tr. 29). Accordingly, the ALJ concluded that Plaintiff was not entitled to childhood disability benefits under Title XVI of the Act (Tr.35).

Likewise, with respect to the period of time after Cannon reached the age of 18, the ALJ found that Plaintiff's HIV infection was also considered a severe impairment within the meaning of the Act, but that the impairment did not equal an Appendix 1 listing (Tr. 35). Further, the ALJ found that Plaintiff retained the capacity to perform a modified range of light work that afforded

2

her the opportunity to sit and stand at will and did not require her to lift and carry more than 20 pounds on an occasional basis and 10 pounds on a frequent basis, stand and walk more than 4 hours in an 8-hour workday, sit more than 6 hours in an 8-hour workday, stoop, kneel, crouch, and climb ladders, ropes, and scaffolds on more than an occasional basis, or perform more than detailed work (Tr. 35). Based on vocational expert (VE) testimony, the ALJ then concluded that Plaintiff's functional limitations did not prevent her from performing a significant number of jobs in the national or regional economy on and after she reached the age of 18. Accordingly, the ALJ concluded that Plaintiff was not disabled and not entitled to SSI on and after the date she reached 18.

After the Appeals Council denied Plaintiff's request for review on June 2, 2008, the ALJ's decision became the final decision of the Commissioner (Tr. 20, 3-5). Plaintiff now seeks judicial review in accordance with 42 U.S.C. § 405(g).

## II. Standard of Review

**Administrative Determination**

Review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standards were applied. *Loza v. Apfel*, 219 F.3d 378, 379 (5th Cir. 2000); *Brock v. Chater*, 84 F.3d 736, 738 (5th Cir. 1996). Substantial evidence is more than a scintilla, less than a preponderance, and is such evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Any findings of fact made by the Commissioner and supported by substantial evidence are conclusive. *See* 42 U.S.C. § 405(g). While it is incumbent upon the court

to examine the record in its entirety to determine whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *See also Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Review is limited to determining whether the record "contains substantial evidence to support the Commissioner's decision." *Leggett*, 67 F.3d at 564. The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

*A. Child Benefits*

An ALJ must engage in a three-step sequential process in evaluating whether a child (under the age of 18) is disabled and eligible for SSI benefits:

> (1) whether the child is engaged in substantial gainful activity;
> (2) if not, whether the child has a medically determinable "severe" impairment or combination of impairments; and
> (3) if so, whether the child's impairment(s) are medically or functionally equivalent in severity to the impairments listed in the disability regulations 20 C.F.R. Pt. 404, Subpt. P, App 2.;

*Jefferson v. Barnhart*, 356 F. Supp. 2d 663, 670 (S.D. Tex. 2004) (*citing* 20 C.F.R. § 416.926a(a)). For the third inquiry, the ALJ must consider whether the applicant has proven that her impairment results in a marked limitation in two domains or an extreme limitation in one domain for the following: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5)

caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The regulations define a "marked" limitation as one that interferes seriously with the child's ability to independently initiate, sustain, or complete activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme". *See* 20 C.F.R. § 416.926a(e)(2). The regulations define an "extreme" limitation is present where one's impairment "interferes very seriously with [one's] ability to independently initiate, sustain, or complete activities." *See* 20 C.F.R. § 416.926a(e)(3)(i).

*B. Adult Benefits*

An ALJ must engage in a five-step sequential process in evaluating whether Plaintiff after reaching the age of 18 was disabled and eligible for SSI benefits:

> (1) whether the claimant is engaged in substantial gainful activity;
> (2) whether the claimant has an impairment that is severe';
> (3) whether the claimant's impairment(s) are medically or functionally equivalent in severity to the impairments listed in the disability regulations;
> (4) whether the impairment prevents the claimant from doing past relevant work; and
> (5) whether the impairment prevents the claimant from doing any other work.

*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. Tex. 2000) (paraphrasing 20 C.F.R. § 416.924). The claimant bears the burden of proof on the first four steps and the burden shifts to the Commissioner for the fifth step. 20 C.F.R. § 404.1520(e). If the claimant is able to satisfy their burden, then the Commissioner must show that the claimant is capable of engaging in some type of alternative work that exists in the national economy. *See Chaparro v. Bowen,* 815 F.2d 1008, 1010 (5th Cir. 1987). Once the Commissioner makes this showing, the burden of proof shifts back to the claimant to rebut this finding. *Id.*

### III. Discussion

5

Plaintiff contends that the ALJ erred in five different respects. First, Plaintiff contends that the ALJ improperly determined that plaintiff's Human Immunodeficiency Virus (HIV) did not meet the requirements of a listed impairment after she turned 18. Specifically, Plaintiff contends that her condition met the requirements of Listing 14.08D2a by having HIV infection with documentation as described in 14.00D3 and a viral infection, specifically herpes simplex virus (HSV) causing a mucocutaneous infection lasting for 1 month or longer.

Second, Plaintiff contends that the ALJ erred in failing to find plaintiff's mental impairment severe both before and after the age of 18. Specifically, Plaintiff contends that the ALJ failed to follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a, which applied to childhood disability claims and SSI.

Lastly, Plaintiff contends that the ALJ improperly rejected the opinion of Plaintiff's treating physician when evaluating Plaintiff's condition both before and after she attained the age of 18. Specifically, Plaintiff contends the ALJ failed to perform the analysis of Dr. Lewis' opinion that is required by case law and section 401.1527(d)(2) of the regulations. By rejecting the opinion of Dr. Lewis, Plaintiff contends that two more errors were made. In her fouth point of error Plaintiff contends that the ALJ improperly determined her physical Residual Functional Capacity (RFC) and, in her last point of error Plaintiff contends that the ALJ improperly determined that a significant number of jobs existed in the national economy that Plaintiff could perform.

## A. *Mental Impairment*

Plaintiff claims that the ALJ erred by not properly evaluating her mental impairments in determining the presence of a disability before and after the age of 18. According to Plaintiff the

6

ALJ erred by not evaluating her mental impairment in accordance with procedures set out in 20 C.F.R. § 404.1520a. Section 404.1520a lays out the method for reviewing mental impairments, which includes an evaluation of laboratory findings to determine whether Plaintiff has a medically determinable mental impairment. The laboratory findings are supposed to be documented in accordance with paragraph (e) of the section, which provides in pertinent part, that "the written decision must incorporate the pertinent findings and conclusions." . . . "The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 404.1520a(e).

Furthermore under the HIV listing 114.00(D)(6) explicitly states that "the impact of all impairments, whether or not related to the HIV infection, must be considered. Children with HIV infection may manifest signs and symptoms of a mental impairment . . . and the impairment should be evaluated not only under the relevant listing(s) in 114.08, but under any other appropriate listing." 20 C.F.R. part 404, subpt. P, appendix 1 § 114.08(D)(6).

The Commissioner relies on *Fraga v. Bowen,* 810 F.2d 1296, 1305 n.11 (5th Cir. 1987), to support the position that the ALJ did not err by failing to consider Plaintiff's mental impairments. The case at hand, however, is distinguishable from *Fraga.* In *Fraga,* the claimant had failed to present any evidence that he suffered from a mental illness and only mentioned the issue briefly at the administrative hearing. Here in contrast, the record shows that Plaintiff underwent a psychiatric assessment by Dr. Esther Jenez in January 2006. In that assessment, Dr. Jenez diagnosed Plaintiff as having an adjustment disorder with depression and a global

assessment of functioning (GAF) of 49. A GAF of 49 indicates "serious symptoms . . . OR any serious impairment in social, occupational or school functioning . . . ." Diagnostic And Statistical Manual Of Mental Disorders – Test Revision, p.34 (4th ed. 2000).

Furthermore, a School Activity Report that was completed in November 2005 that supports the findings of Dr. Jenez. The School Activity Report indicates that Plaintiff was not able to concentrate in school for a consistent period of time and was very sensitive to corrective instruction. (Tr. 152). The School Activity Report was not discredited or even mentioned by the ALJ in his opinion. Plaintiff properly points out that section 416.913(d)(2) of the regulations explain that in a child's case, opinions from educational personnel, including teachers and counselors, may be considered to determine how the child functions compared to other children of the same age. 20 C.F.R. § 416.913(d)(2). The Commissioner even agrees that a school activity report is generally considered a reliable source of information about a child's limitation. While they offer reasons that it should not be given weight in this case, that is a decision that the ALJ must decide and give his independent justifications for, which the ALJ failed to do in this case.

Under the Social Security Act, and its implementing regulations, an ALJ is required to develop the facts related to a disability claim "fully and fairly." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. Tex. 2000); 42 U.S.C. 405(g); 20 C.F.R. § 410.640. When a claimant has multiple impairments, the Act requires the Commissioner "to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Thompson v. Astrue*, 232 Fed. Appx. 421, 424 (5th Cir. Tex. 2007); 20 C.F.R. § 404.1523. Further, there is no dispute that, in considering whether a claimant's

8

impairments meet or equal the requirements of a specific listing, the ALJ must consider the combined effect of all of them. See 20 C.F.R. §§ 416.906, 416.911; *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001).

Here, while Plaintiff's medical records suggest that her depression is controlled by medication (Tr. 258). The ALJ's decision is absent any mention of depression, this is particularly troubling because depression is one of the disabilities alleged in Plaintiff's application for benefits (Tr. 149). More importantly, the ALJ failed to evaluate the effects of Plaintiff's depression in combination with her HIV as required by Listing 114.00(D)(6) and steps two and three under the five step analysis for SSI claims. The law is clear that "to develop the facts related to a claim of disability 'fully and fairly'" for a claimant with multiple impairments, the ALJ must consider the combined effect of all of the alleged impairments. See *Apfel*, 238 F.3d at 594; see also 20 C.F.R. §§ 416.906, 416.911. Upon the record, Commissioner has not shown that the ALJ satisfied his duty to evaluate the evidence fully. Because the court "does not reweigh the evidence" or "substitute its judgment" for that of the ALJ, remand is warranted so that the ALJ may consider the evidence and if necessary, develop the administrative record relative to Plaintiff's depression. See *Newton*, 209 F.3d at 452 (5th Cir. Tex. 2000).

### B. Rejection of Dr. Lewis' opinion

Plaintiff also argues that the ALJ erred by rejecting the medical opinion of Dr. Lewis. The Commissioner cites to *Perez v. Barnhart,* to support his argument that the ALJ was correct in giving little weight to the opinion of Dr. Lewis. The court in *Perez* found the ALJ was justified in giving little weight to the physician's testimony because he did not perform any

clinical examinations. While it is true that "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Cornett v. Astrue*, 261 Fed. Appx. 644, 648 (5th Cir. Tex. 2008) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). *Perez* is distinguished from the instant case because Dr. Lewis performed examinations on Plaintiff twice a month for three months.

Plaintiff cites to *Newton* to support her contention that the rejection of Dr. Lewis' opinion was improper. In *Newton,* the court concluded that, if there is no reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). *Newton*, 209 F.3d at 453. Furthermore the regulations state, "when [they] do not give the treating source's opinion controlling weight, [they] apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(d)(2).

Therefore, in accordance with *Newton,* and the regulations, Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Lewis, by not following section 404.1527(d)(2) of the regulations. Specifically, this regulation requires consideration of:

    (1) the physician's length of treatment of the claimant,
    (2) the physician's frequency of examination,
    (3) the nature and extent of the treatment relationship,
    (4) the support of the physician's opinion afforded by the medical evidence of record,
    (5) the consistency of the opinion with the record as a whole; and
    (6) the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. Tex. 2000).

Furthermore, Social Security Ruling 96-5p provides, with respect to Residual Functional Capacity Assessments and Medical Source Statements, that "adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. § 404.1527, providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996). The Fifth Circuit in *Newton* joined many other jurisdictions by holding that "an ALJ is required to consider each of the factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 453. These regulations are binding on the Social Security Administration and its components. *Spellman v. Shalala*, 1 F.3d 357, 361, n.7 (5th Cir. 1993).

In the instant case, the ALJ did not provide appropriate explanations for rejecting Dr. Lewis' opinion. The ALJ simply stated that Dr. Lewis' opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other evidence. (Tr. 31). No further explanation was offered by the ALJ as to how Dr. Lewis' opinion was not supported by medical techniques and how his opinion was inconsistent with other evidence. Only two of the six factors were even mentioned in the ALJ's opinion (Tr. 31). Because the law requires that a more extensive review of Dr. Lewis' opinion be taken and that a more thorough explanation be given for accepting or rejecting Dr. Lewis' opinion, remand is warranted.

Finally, because Plaintiff's remaining two points of error are intertwined with issues on remand, they should be re-examined with the other issues accordingly.

## IV. Conclusion and Order

In sum, the ALJ's decision to deny Plaintiff's disability benefits was not supported by proper legal standards, and was therefore not rendered in accordance with the law governing her claim. Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Document No. 15) be **GRANTED**, and that Defendant's Amended Motion for Summary Judgment (Document No. 19) be **DENIED**. It is further **ORDERED** that Plaintiff's claim for Supplemental Security Income benefits is **REMANDED**, so that the record can be further developed on the severity of Plaintiff's depression and a more thorough examination and explanation of the reasons for not granting Dr. Lewis' opinion controlling weight, consistent with this opinion.

Signed at Houston, Texas, this 6th day of August, 2009.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE